1
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN D. MARTIN, SB# 188744
2
Email: Jonathan.Martin@lewisbrisbois.com
333 Bush Street, Suite 1100
3
San Francisco, California 94104-2872
Telephone: 415.362.2580
4
Facsimile: 415.434.0882

5
Attorneys for Defendant ZOOMDATA, INC.

6

7

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10

11
DEAN FOX,                                    CASE NO.

12
         Plaintiff,                          **DEFENDANT ZOOMDATA, INC.'S NOTICE TO
                                             ADVERSE PARTY OF REMOVAL TO FEDERAL**
13
         vs.                                 **COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND
                                             1441(b)**
14
ZOOMDATA, INC., a Delaware Corporation,
and DOES 1, 25,                              **[DIVERSITY]**
15
         Defendants.
16

17
        **TO PLAINTIFF HEREIN, AND HIS RESPECTIVE ATTORNEYS OF RECORD:**

18
        **PLEASE TAKE NOTICE** that under the provisions of 28 U.S.C. §§ 1332(a) and 28 U.S.C.

19
1441(b), Defendant ZOOMDATA, INC., a Delaware Corporation ("Defendant"), filed with the Clerk

20
of the Court for the United States District Court, Northern District, **the attached Notice of Removal**

21
and supporting pleadings to accomplish the removal of the action pending in the in the Superior Court

22
of the State of California in and for the County of San Mateo, entitled *Dean Fox v. Zoomdata, Inc., a*

23
*Delaware Corporation, and Does 1-25,* San Mateo County Superior Court Case No. 19CIV07099,

24
commenced on December 2, 2019, to the United States District Court, Northern Division. A copy of

25
the Notice of Removal and supporting papers have also been filed with the Clerk of the San Mateo

26
County Superior Court, as an attachment to the Notice to State Court of Removal to Federal Court.

27
/ / /

28
/ / /

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1    Under 28 U.S.C. §§ 1331, 1367(a), 1441(a), 1446, this action now will be placed on the docket

2 of this District Court for further proceedings.

3 DATED: February 27, 2020                LEWIS BRISBOIS BISGAARD & SMITH LLP

4                                    By: */s/ Jonathan D. Martin*
                                         Jonathan D. Martin
5                                        Attorneys for Defendant ZOOMDATA, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**ATTACHMENT**

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JONATHAN D. MARTIN, SB# 188744
2    Email: Jonathan.Martin@lewisbrisbois.com
   333 Bush Street, Suite 1100
3  San Francisco, California 94104-2872
   Telephone: 415.362.2580
4  Facsimile:  415.434.0882

5  Attorneys for Defendant ZOOMDATA, INC.

6

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 DEAN FOX,                                | CASE NO.

12          Plaintiff,                      | **DEFENDANT ZOOMDATA, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

13     vs.

14 ZOOMDATA, INC., a Delaware Corporation,  | **]DIVERSITY]**
   and DOES 1, 25,

15          Defendants.

16

17     **TO THE HONORABLE COURT, PLAINTIFF HEREIN AND HIS RESPECTIVE**

18 **ATTORNEYS OF RECORD:**

19     **PLEASE TAKE NOTICE** that under the provisions of 28 U.S.C. §§ 1332(a) and 28 U.S.C.

20 1441(b) on February 27, 2020, Defendant ZOOMDATA, INC., a Delaware corporation

21 ("Defendant"), by and through its counsel, files this Notice of Removal to remove this action pending

22 in the Superior Court of the State of California in and for the County of San Mateo, entitled *Dean Fox*

23 *v. Zoomdata, Inc., a Delaware Corporation, and Does 1-25,* Case No. 19CIV07099, commenced on

24 December 2, 2019, on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332(a) and

25 1441(b) as follows:

26 **I.     JURISDICTION AND VENUE**

27     1.     The Court has jurisdiction of this civil action based upon diversity of citizenship

28 pursuant to 28 U.S.C. § 1332(a) and Defendant may remove this action to this Court in accordance

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   with 28 U.S.C. § 1441(a), because this is an action between citizens of different states and (b) the

2   amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. (28 U.S.C.

3   §§ 1332, 1441(a), and 1446(b)).

4         2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391, and 1446.

5   **II.      STATUS OF THE PLEADINGS**

6         3.      On December 2, 2019, Plaintiff DEAN FOX ("Plaintiff") and his attorney of record,

7   filed a civil action in the Superior Court of California for the County of San Mateo, entitled *Dean Fox*

8   *v. Zoomdata, Inc., a Delaware Corporation, and Does 1-25,* Case No. 19CIV07099.

9         4.      On January 29, 2020, then counsel for Defendant, King and Spalding LLP, accepted

10  service of the Summons and Complaint; a true and correct copy of the Summons and Complaint and

11  all documents served with the Summons and Complaint, as well as the Notice of Acknowledgement

12  of Receipt, are attached as **Exhibit A**.

13        5.      On February 26, 2020, Defendant filed an Answer to Plaintiff's Complaint. A true and

14  correct copy of the Answer is attached as **Exhibit B**.

15        6.      Defendant files this Notice of Removal within the thirty (30) day time limit for removal

16  set forth in 28 U.S.C. § 1446(b)(3).

17        7.      Defendant has sought no similar relief with respect to this matter.

18        8.      Plaintiff's Complaint arises out of alleged misclassification on employee exemption

19  status and non-payment of commission and statutory wages, as well as failure to pay wages due at

20  termination and wrongful termination.

21        9.      Plaintiff, who on information and belief is a resident and citizen of the State of

22  California, asserts the following claims for relief: 1) Breach of Written Commissions Contract; 2)

23  Unpaid Commission Wages; 3) Unpaid Statutory Wages; 4) Failure to Pay All Wages Due Upon

24  Termination; and 5) Wrongful Termination. (*See* Exhibit A.)

25  **III.     REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP**

26        10.     This action may be removed to this Court by Defendant pursuant to the provisions of

27  28 U.S.C. §§ 1332(a) and 1441(b), in that it is a civil action between citizens of different states and the

28  matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**A.      Plaintiff and Defendant Are Not Citizens of the Same State, the First Basis for Diversity Jurisdiction**

11.      Plaintiff DEAN FOX was at all times, a competent adult and a resident of the State of California and citizen of the State of California.

12.      Defendant has at all times relevant to this case been a corporation, incorporated in the State of Delaware, as such organized under the laws of the State of Delaware.

13.      Defendant Zoomdata's corporate headquarters and principal place of business are located at 7900 Westpark Drive, Suite A200, McLean, Virginia.

14.      From its McLean, Virginia, headquarters, Defendant Zoomdata's core executive and administrative functions are carried out.

15.      Defendant Zoomdata is, therefore, a citizen of Delaware (incorporation) and the State of Virginia (principal place of business) for the purposes of 28 U.S.C. § 1332(c)(1).

16.      For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has defined "principal place of business" to mean "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  This "nerve center" is "typically...found at a corporation's headquarters." *Id.* at 81; *3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

17.      Being that Defendant is a citizen of Virginia, Plaintiff and Defendant are not citizens of the same state and removal based on diversity of citizenship/residency is proper.

**B.      The Amount in Controversy Exceeds $75,000, the Second Basis for Diversity Jurisdiction.**

18.      In his Complaint, Plaintiff alleges that he was never paid overtime or double-time, although he routinely worked in excess of 8 hours in one day and routinely worked more than 12 hours in one day. Plaintiff further alleges Defendant failed to make commission payments. (*See* Exhibit A.)

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Plaintiff seeks damages specifically for:

2    1.    Unpaid statutory wages, including overtime, double-time, minimum wages and

3    contractual wages, and other statutorily-required wages and payments;

4    2.    General, special and punitive damages;

5    3.    Waiting time penalties under California Labor Code § 203, as well as any and all other

6    applicable penalties recoverable against Defendants under the California Labor Code;

7    4.    Costs of suit herein;

8    5.    Reasonable attorneys' fees pursuant to statute;

9    6.    Pre-judgment interest at the legally-applicable rate; and

10    7.    Such other and further relief as the court may deem proper.

11    Based upon damages alleged and requested in the Complaint, the preponderance of the

12    evidence establishes the amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47

13    F.3d 1404, 1412 (5th Cir. 1995) (removal proper where defendant "can show by a preponderance of

14    the evidence that the amount in controversy is greater than the jurisdictional amount").

15    Pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332, this case meets the elements of

16    diversity jurisdiction if it is a civil action between citizens of different states and the matter in

17    controversy exceeds the sum of $75,000, exclusive of interest and costs. Where it is unclear from the

18    face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant

19    bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy

20    exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22

21    (9th Cir. 2013) (quotation marks and citations omitted).

22    Directly in line with this reasoning is *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d

23    644 (9th Cir. 2016), a case in which the plaintiff sued a used car dealer for violation of the Song-

24    Beverly Act and other state law claims. Defendant removed based on diversity, and the plaintiff

25    challenged the removal, arguing that the amount-in-controversy requirement was not satisfied. The

26    Ninth Circuit disagreed and held the following:

27        To establish original jurisdiction based on diversity of parties, the amount in
         controversy must "exceed[] the sum or value of $75,000, exclusive of
28        interest and costs." 28 U.S.C. § 1332(a). We have defined the amount in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

controversy as the "amount at stake in the underlying litigation," [citation]; this includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. [Citation]. This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.[Citation].

In this case, when the potential cost of complying with injunctive relief is considered along with Gonzales's claims for compensatory damages and punitive damages, the district court did not err in finding that the jurisdictional amount-in-controversy requirement was satisfied.

*Gonzales*, *supra*, at 648-649.

Although the Complaint does not specifically allege the total amount of Plaintiff's' claimed damages, it is apparent that the amount in controversy is well in excess of $75,000, as required for removal pursuant to 49 U.S.C. § 11706.

In addition, as the *Gonzalez* court indicated, attorneys' fees awarded under fee-shifting statutes are to be considered in assessing the jurisdictional threshold. In this case, Plaintiff seeks such an award. How are these fees to be computed? At the time of *Gonzalez*, it was "an open question whether attorneys' fees that are anticipated but unaccrued at the time of removal or filing in federal court… may be included in the amount-in-controversy." (*Gonzalez*, at fn. 2). That open question was resolved in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), an analogous diversity case. In *Chavez*, the Ninth Circuit held that "the amount in controversy is determined by the complaint operative at the time of removal and ***encompasses all relief a court may grant on that complaint if the plaintiff is victorious***."(*Id.*) Under that standard, this Court should consider the range of fee awards that Plaintiff would receive if he were to be victorious at trial. The Court should note that the addition or consideration of attorneys' fees also allows Defendant to meet the amount in controversy requirement. It requires no great familiarity with the cost of litigation to conclude that Plaintiff will likely incur further expenses in taking this case through discovery, depositions, motions, experts, and trial. Thus, when either the exposure to civil penalties and/or the exposure to attorneys' fees are properly considered, there is simply no question that the Court has diversity jurisdiction.

**WHEREFORE,** Defendant respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. 19CIV07099 be removed from the Superior Court of California, County of San Mateo, to the docket of this honorable Court, the District Court of the United States,

1  for the Northern District of California. Defendant has filed the Notice of Removal of this action from

2  the San Mateo County Superior Court, in which it is now pending; a copy of this Notice has been

3  served upon Plaintiff.

4  DATED: February 27, 2020                    LEWIS BRISBOIS BISGAARD & SMITH LLP

5                                              By: */s/ Jonathan D. Martin*

6                                                  Jonathan D. Martin
                                                   Attorneys for Defendant ZOOMDATA, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**EXHIBIT A**



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Zoomdata, Inc., *A DELAWARE CORPORATION, AND DOES 1-25*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Dean Fox



F I L E D
SAN MATEO COUNTY

JAN 27 2020

Clerk of the Superior Court
By _____
DEPUTY CLERK

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Mateo Superior Court 400 County Center, Redwood City, CA 94063 | CASE NUMBER: *(Número del Caso):* ~~19CV07699~~ 19CV07699 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael Aparicio, APARICIO LAW FIRM, 201 Spear St., Ste. 1100, San Francisco, CA 94105, 415.429.6810

| DATE: JAN 27 2020 *(Fecha)* | NEAL TANIGUCHI | Clerk, by *(Secretario)* | _____ | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

19 – CIV – 07699
SUM
Summons Issued / Filed
2220323

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

1  Michael A. Aparicio (CA State Bar No. 206300)
   APARICIO LAW FIRM
2  201 Spear Street, Suite 1100
   San Francisco, CA 94015
3  Telephone:    (415) 429-0810
   Email:    mike@apariciolawfirm.com
4
   Attorneys for
5  PLAINTIFF Dean Fox

**FILED**
**SAN MATEO COUNTY**

DEC 0 2 2019

Clerk of the Superior Court
By _____
DEPUTY CLERK

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN MATEO

10                     UNLIMITED JURISDICTION

11  Dean Fox,                          Case No.  **19CIV07099**

12          Plaintiff,

13     v.                              **COMPLAINT FOR DAMAGES**

14  Zoomdata, Inc., a Delaware Corporation, and     1.  **Breach of Written Commissions Contract**
    DOES 1-25,
15                                     2.  **Unpaid Commission Wages**
                                       3.  **Unpaid Statutory Wages**
16          Defendants.                4.  **Failure to Pay All Wages Due Upon Termination**
                                       5.  **Wrongful Termination**
17

18

19



20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES
Case No.

Plaintiff Dean Fox alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over the alleged claims pursuant to California law, including without limitation, under the California Labor Code, the California Industrial Welfare Commission ("IWC") Wage Orders and the California Code of regulations, as well as the common law of this state.

2.    Unlimited jurisdiction is proper because the damages alleged exceed $25,000. (C.C.P. § 580).

3.    Venue is proper in this Court because the contract alleged was to be performed within this county and the Plaintiff actually performed most of his work in this county, and therefore the conduct and underlying violations of law primarily occurred within this county.

## PARTIES

4.    Plaintiff is an individual residing in the State of California throughout the relevant time period in this action.

5.    Defendant Zoomdata, Inc. is a Delaware corporation registered to conduct business in the State of California. At all times relevant to the events underlying this action, Zoomdata maintained an office within the County of San Mateo, where Plaintiff worked on occasion. Zoomdata, Inc. sells big data software to enterprises.

6.    Plaintiff does not know the true names of defendants DOES 1 through 25, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner legally responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and damages. The names, capacities and relationships of DOES 1 through 25 will be alleged by amendment to this complaint when they are known. (Collectively, all defendants are referred to herein as "Defendants"). Upon information and belief, some of the DOE defendants are believed to be owners, directors, officers, or managing agents who caused the employer to violate applicable wage and hour laws and are therefore liable as the employer for the violations.

7.    Plaintiff is informed and believes, and on that basis alleges, that at all times

1   mentioned in this Complaint, all Defendants were the agents and/or employees of the other

2   Defendants, and in doing the things alleged in this complaint were acting within the course and

3   scope of that agency and/or employment.

4                                    COMMON ALLEGATIONS

5        8.      From early 2016 to late 2017, Plaintiff was employed by Defendant Zoomdata,

6   Inc. in a sales role.  Plaintiff was given the title "Sales Director" and classified as "exempt" from

7   overtime, presumably under the "outside sales" exemption.  However, notwithstanding the lofty

8   title, Plaintiff's role was nonexempt.

9        9.      Plaintiff did not spend more than half of his time engaged in outside sales.

10  Instead, in accordance with the Defendants' instructions and apparent expectations for the role,

11  Plaintiff spent nearly all his work time engaged in inside sales, either at Zoomdata's offices in

12  San Mateo, or working in his home office, which is considered part of the workplace for

13  purposes of the "outside" sales exemption.

14       10.     Throughout his employment with Defendants, Plaintiff was paid a salary and was

15  eligible to be paid commissions.  Plaintiff was never paid overtime or double-time, although

16  Plaintiff routinely worked in excess of 8 hours in one day and 40 hours in each workweek;

17  routinely worked more than 12 hours in one day; routinely worked more than six of seven days

18  in a workweek without a day of rest permitted; and routinely worked days of 16-18 hours.

19  Plaintiff was never paid for non-productive time when he was not able to be engaged in activities

20  that could lead to sales, and therefore commissions.

21       11.     The commissions component of Plaintiff's compensation was subject to a written

22  commission plan ("CP").  The CP stipulates that commissions are earned when "booked,"

23  meaning once a signed contract was formally entered into (approved by Zoomdata's CFO) the

24  salesperson is entitled to the applicable commission.  Under the CP, a commission is deemed

25  "earned" even though the customer has not yet submitted payment, so long as the customer

26  signed the contract and the deal was approved by Zoomdata's CFO, the customer could be

27  invoiced; and the ministerial task of closing the deal properly in Zoomdata's CRM system was

28  completed.  Notably, the CP does not make payment of commissions contingent upon actual

1    payment by the customer, all that is required is a formal agreement by the customer to pay (i.e., a

2    valid contract that Zoomdata can enforce).

3        12.    Because Zoomdata customer agreements often involve multi-year license

4    agreements, the CP included a commission enhancement mechanism for booked multi-year

5    deals, whereby Zoomdata pays an enhanced rate commission to incentivize sales representatives

6    to book multi-year deals to lock customers in, rather than repeatedly selling one-year deals year

7    after year.  In the CP, Zoomdata agreed to pay an enhancement of 25% of the first year

8    commission.

9        13.    In approximately November 2016, Zoomdata increased the commission rate on

10    the CP through the end of FY 2017, as an added incentive to sales personnel—a "SPIFF".  The

11    SPIFF both lowered commission quota tiers and increased the applicable commission rates.

12        14.    Finally, the CP requires that all commissions be paid "in the second payroll of the

13    month following the Approved Booking."  The CP does not set forth any kind of schedule for

14    payments based upon the arrangements Zoomdata made with the customer for payment, or a

15    customer's payment schedule.  Nor does the CP permit Zoomdata to arbitrarily delay

16    commissions payments for any reason.

17        15.    Plaintiff had significant contacts in APAC, including at a that had deep reselling

18    capacity in the region.  Beginning in June 2016, Plaintiff began discussions with representatives

19    of the potential customer/reseller (herein, the "APAC Customer"), to structure a significant deal

20    with Zoomdata.  In late January 2017, Plaintiff closed a multi-year distributor agreement with

21    said Customer, for an "initial term" of 24 months and a total license fee value of $3,000,000.

22    The contract with the APAC Customer was signed by Zoomdata's CFO on January 23, 2017, a

23    few days short of the close of the 2017 fiscal year, including approval of a payment that

24    ostensibly gave Zoomdata an enforceable contractual right to require the APAC Customer to

25    make those payments.  Zoomdata and the APAC Customer publicly announced their transaction

26    on February 19, 2017.  The deal made the APAC Customer the exclusive distributor of

27    Zoomdata software throughout the APAC region (with only a few exceptions).

28        16.    Plaintiff alone sourced the Customer relationship and negotiated the agreement.

1    Zoomdata paid commissions to Mr. Fox on the first year of the APAC Customer deal, effectively

2    conceding that the commissions were "earned" under the CP when booked. However, the

3    commissions were paid over several months, between February and May 31, 2017, contrary to

4    the terms of the CP and without any agreement by Plaintiff for delayed payment. Further,

5    Zoomdata failed to pay Plaintiff the enhancements for the "out years" under the APAC Customer

6    contract. Plaintiff complained about this to the CEO, the CFO and Zoomdata's HR

7    representative on several occasions. Each time, Plaintiff's concerns were scoffed at and not

8    taken seriously. In essence, Plaintiff was told to just be quiet and be glad that Zoomdata had

9    paid him any commissions.

10        17.    After Plaintiff began raising concerns about his unpaid commission payments,

11    Plaintiff noticed that his relationship with the company's leaders soured and he was no longer

12    given all of the support he needed to sell Zoomdata's software. Defendants began to turn against

13    Plaintiff and make his ability to earn commissions inordinately difficult. Additionally, for a

14    period of 2-3 months in the March-May 2017 time-frame, Plaintiff was required by the company

15    to engage in substantial non-sales tasks and duties, thereby limiting (or eliminating altogether)

16    his ability to earn commissions during that time period. This included requiring Plaintiff to

17    travel to Asia as an assistant to the CEO in seeking venture capital funding. Plaintiff spent

18    approximately 25% of his time on such non-sales activities.

19        18.    As a result of his situation and treatment, the company's extremely negative

20    response to his concerns, as well as the limited ability to earn commissions, Plaintiff had no

21    choice but to resign. Upon his termination, Zoomdata failed to pay the unpaid commissions

22    from the APAC Customer deal, which were still due and owing. To date, Plaintiff has not been

23    paid all of the commissions owed to him.

24        19.    On information and belief, after Plaintiff's employment with Zoomdata ended,

25    Defendants renegotiated their agreement with the APAC Customer, presumably for its own

26    benefit. Plaintiff had no role in the renegotiations.

27                         **CAUSES OF ACTION**

28                         **FIRST CAUSE OF ACTION**

**(Breach of Written Commissions Contract)**

***Against Defendant Zoomdata, Inc. Only***

20.    Plaintiff incorporates by this reference all other paragraphs of this Complaint, as though fully set forth herein.

21.    Plaintiff and Zoomdata entered into a written Commissions Agreement applicable to Fiscal Year 2017, which ran from February 1, 2016 through January 31, 2017. Zoomdata agreed to pay commissions at certain rates, as described above.

22.    Plaintiff performed all conditions, covenants, and promises on Plaintiff's part to be performed in accordance with the terms and conditions of the CP.

23.    Plaintiff closed a multiple year agreement with the APAC Customer, on or about January 23, 2017. Although Zoomdata paid some of the commissions owed under the CP, Zoomdata failed and refused to pay any amount attributable to the "out years" of the APAC Customer agreement. Zoomdata misinterpreted the clear terms of the CP that Plaintiff is owed an enhanced commission for the sale of a multi-year sale. Zoomdata's failure to pay the correct amount amounts to a breach of the CP. Zoomdata also breached the agreement in other ways, including without limitation by paying the commissions later than required under the CP.

24.    As a result of Zoomdata's breaches of the CP Agreement as set out above, Plaintiff has been damaged, in an amount to be proven at trial, in excess of the minimum required for the Superior Court. No part of the commissions contract authorizes attorney's fees.

25.    WHEREFORE, Plaintiff demands judgment as set forth below.

**SECOND CAUSE OF ACTION**

**(Unpaid Commission Wages)**

***Against All Defendants***

26.    Plaintiff incorporates by this reference all other paragraphs of this Complaint, as though fully set forth herein.

27.    Commissions earned through the CP addressed above constitute earned wages under California law. Defendants failed and refused to pay Plaintiff all of his earned commission wages, in violation of the Labor Code. Defendants also violated Labor Code § 204 by paying

1   *conceded* commissions late.

2       28.     Defendants therefore owe Plaintiff a sum according to proof at trial, in excess of

3   the minimum required for the Superior Court. Defendants also owe Plaintiff pre-judgment

4   interest and attorneys' fees and costs, pursuant to Labor Code § 218.5. WHEREFORE, Plaintiff

5   demands judgment as set forth below.

6                              **THIRD CAUSE OF ACTION**

7                              **(Unpaid Statutory Wages)**

8                              ***Against All Defendants***

9       29.     Plaintiff incorporates by this reference all other paragraphs of this Complaint as if

10  set forth fully herein.

11      30.     Throughout his employment with Defendants, Defendants required, suffered or

12  permitted Plaintiff to work in excess of 8 hours in one day and/or 40 hours in one workweek;

13  required, suffered or permitted Plaintiff to work more than 6 consecutive days in a single

14  workweek; and required, suffered or permitted Plaintiff to engage in substantial non-productive

15  activities that would not lead to sales upon which Plaintiff could earn commissions. Plaintiff did

16  in fact regularly work such hours.

17      31.     Plaintiff was not paid more than 50% of his pay from commissions in all

18  workweeks. Plaintiff was never paid separately for time spent in non-productive tasks assigned

19  to Plaintiff, including without limitation time spent working towards securing investment

20  funding in Zoomdata, as set out above.

21      32.     Defendants failed to compensate Plaintiff the applicable overtime rate and/or

22  doubletime rate of pay as required under applicable law, including without limitation Labor Code

23  § 510, the Wage Orders issued by the IWC and the California Code of Regulations. Defendants

24  also required and caused Plaintiff to work more than six days in seven in violation of Labor Code

25  §§ 551 and 552.

26      33.     Additionally, pursuant to California Labor Code § 515(d)(2), the salary that was

27  paid to Plaintiff only covered the first 40 hours of regular, non-overtime hours within each

28  workweek. Plaintiff never received additional compensation for hours worked over 40 in a

1   workweek, and therefore Plaintiff was never paid for those hours any wage, including the

2   applicable minimum wage.

3        34.    Defendants therefore owe Plaintiff a sum according to proof at trial.  Defendants

4   also owe Plaintiff pre-judgment interest and attorneys' fees and costs, pursuant to Labor Code §

5   1194, and liquidated damages pursuant to Labor Code § 1194.2

6        35.    WHEREFORE, Plaintiff demands judgment as set forth below.

7                        **FOURTH CAUSE OF ACTION**

8            **(Failure to Pay All Wages Due Upon Termination)**

9                        ***Against All Defendants***

10       36.    Plaintiff incorporates by this reference all other paragraphs of this Complaint, as

11  though fully set forth herein.

12       37.    Upon Plaintiff's termination, Defendants failed to pay all wages due to Plaintiff,

13  including without limitation, the commission wages described above, in violation of Labor Code

14  § 202.  Said failure by Defendants was willful.  Pursuant to Labor Code § 203, Plaintiff is

15  entitled to waiting time penalties for the violation in this paragraph, in the form of continuation

16  of Plaintiff's earnings, for up to 30 days.

17       38.    As a separate violation of Labor Code § 202, upon termination, Defendants failed

18  to pay Plaintiff all of the earned but unpaid overtime and doubletime wages, minimum wages

19  and other statutorily-required wages.  Said failure by Defendants was willful.  Pursuant to Labor

20  Code § 203, Plaintiff is entitled to waiting time penalties for the violation in this paragraph, in

21  the form of continuation of Plaintiff's earnings, for up to 30 days.

22       39.    It has been more than 30 days since the Plaintiff's last day of employment, and

23  therefore Plaintiff is entitled to 30 days of daily wages, calculated based on the average daily rate

24  of Plaintiff's earnings, including all of the unpaid commissions, overtime wages, doubletime

25  wages, minimum wages and all other forms of compensation alleged herein to have been unpaid.

26  At present, Plaintiff calculates that his daily rate was at least $1,549.11.

27       40.    Defendants therefore owe Plaintiff a sum according to proof at trial.  Defendants

28  also owe Plaintiff pre-judgment interest, as well as attorneys' fees and costs, pursuant to Labor

1  Code § 203.

2     41.    WHEREFORE, Plaintiff demands judgment as set forth below.

3                        **FIFTH CAUSE OF ACTION**

4              **(Wrongful Termination in Violation of Public Policy)**

5                           *Against All Defendants*

6     42.    Plaintiff incorporates by this reference all other paragraphs of this Complaint as if

7  set forth fully herein.

8     43.    Plaintiff was employed by Zoomdata in good standing when he engaged in

9  protected activity by raising concerns about the payment of commissions owed to him under the

10  APAC Customer deal.  Plaintiff's actions were protected by, *inter alia*, Labor Code § 98.6,

11  which embodies the public policy of this state.

12     44.    Defendants thereafter engaged in retaliatory conduct that effectively and

13  constructively terminated Plaintiff's employment.  Defendants' actions as set out above were

14  retaliatory, based upon Plaintiff's protected activity.

15     45.    As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff was

16  harmed and suffered general and special damages in an amount exceeding the jurisdictional

17  minimum of the Superior Court, according to proof at trial.

18     46.    Defendants committed the acts alleged herein maliciously, fraudulently and

19  oppressively, with the wrongful intent of injuring Plaintiff, from an improper and evil motive

20  amounting to malice, and in conscious disregard of Plaintiff's rights.  Defendants' conduct

21  warrants assessment of punitive damages in an amount sufficient to punish Defendant and deter

22  others from engaging in similar misconduct.

23     47.    WHEREFORE, Plaintiff demands judgment as set forth below.

24                               **PRAYER**

25     Based on the foregoing, Plaintiff prays judgment against the Defendants, jointly and

26  severally, as follows:

27     1.    For unpaid statutory wages, including overtime, doubletime, minimum wages and

28  contractual wages, and all other statutorily-required wages and payments.

1      2.     For general, special and punitive damages;

2      3.     For waiting time penalties under Labor Code § 203, as well as any and all other

3  applicable penalties recoverable against Defendants under the Labor Code.

4      4.     For costs of suit herein;

5      5.     For reasonable attorneys' fees pursuant to statute.

6      6.     For pre-judgment interest at the legally-applicable rate.

7      7.     For such other and further relief as the court may deem proper.

8      Plaintiff requests a Jury.

9

10  DATED: December 2, 2019           Respectfully submitted,

11

12

13                              Michael A. Aparicio
                                  APARICIO LAW FIRM

14                              Attorneys for PLAINTIFF Dean Fox

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael A. Aparicio (CA SBN 206300)<br>APARICIO LAW FIRM<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105<br>TELEPHONE NO.: 415.429.0810    FAX NO.: 415.429.0810<br>ATTORNEY FOR *(Name)*: Plaintiff Dean Fox | **FILED**<br>**SAN MATEO COUNTY**<br><br>DEC 0 2 2019<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

CASE NAME:
Dean Fox v. Zoomdata, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE: |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 19CIV07099 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify)*: 5
5. This case ☐ is ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/2/2019

Michael A. Aparicio
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL    FAXED

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

NOTICE OF CASE MANAGEMENT CONFERENCE

# FILED
### SAN MATEO COUNTY
Case No: _____  19 C I V 0 7 0 9 9

Fox _____

DEC 0 2 2019

vs.

Zoomdata _____

Clerk of the Superior Court  Date: _____ APR 0 3 2020

By _____
DEPUTY CLERK  Time: 9:00 AM

Dept. _____  —on Tuesday & Thursday

Dept. _11_  —on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time, and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1–4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to Judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

**EXHIBIT B**

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOSEPH R. LORDAN, SB# 265610
2    E-Mail: Joseph.Lordan@lewisbrisbois.com
   JONATHAN D. MARTIN, SB# 188744
3    E-Mail: Jonathan.Martin@lewisbrisbois.com
   333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
   Telephone: 415.362.2580
5  Facsimile: 415.434.0882

6  Attorneys for Defendant ZOOMDATA, INC.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11  DEAN FOX,                              CASE NO. 19CIV07099

12          Plaintiff,                     **ANSWER TO PLAINTIFF'S**
                                           **COMPLAINT**
13       vs.

14  ZOOMDATA, INC., a Delaware Corporation,  Action Filed:   December 2, 2019
    and DOES 1-25,                           Trial Date:     None Set
15
            Defendant.
16

17         Defendant ZOOMDATA, INC. ("Defendant") hereby answers for itself and no other

18  defendant the Complaint ("Complaint") of Plaintiff DEAN FOX ("Plaintiff") and each and every

19  cause of action alleged therein as follows as follows:

20                              **GENERAL DENIAL**

21         Under the provisions of section 431.30(d) of the Code of Civil Procedure of the State of

22  California, Defendant denies generally and specifically each and every allegation in Plaintiff's

23  Complaint, and the whole thereof, including each and every purported cause of action contained

24  therein, and deny that Plaintiff sustained or will sustain damages in the sum or sums alleged, or

25  any other sums, or at all.

26         Further answering the Complaint herein, and the whole thereof, Defendant denies that

27  Plaintiff sustained any injury, damage or loss, if any, by reason of any act, omission or negligence

28  on the part of Defendant.

4828-3287-0325.1

ENDORSED FILED
SAN MATEO COUNTY

FEB 2 6 2020

Clerk of the Superior Court
By_____Anthony Berini
       DEPUTY CLERK







LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## AFFIRMATIVE DEFENSES

Without admitting any of the conduct alleged by Plaintiff or assuming any burden of proof, Defendant asserts the following affirmative defenses to the Complaint and each and every cause of action contained therein.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State A Cause of Action)

The Complaint and each and every cause of action fail to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred, in its entirety, by the doctrine of unclean hands by reason of Plaintiff's conduct or actions.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that he may have had or have against Defendant arising from the transactions and occurrences set forth in the Complaint. Defendant may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff engaged in conduct that would constitute a waiver, which would allow Defendant to assert the equitable remedy of waiver at the time of trial. Defendant further alleges that Plaintiff may have consented to and/or waived any and all rights Plaintiff may have had relative to the matters alleged in the Complaint by failing, refusing and neglecting to properly perform Plaintiff's obligations thereunder and by undertaking other conduct, the exact nature of which will be inserted herein by amendment or proved at the time of trial.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

Defendant is informed and believes and thereon alleges that the Complaint is barred, in its entirety, by the doctrine of laches.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FIFTH AFFIRMATIVE DEFENSE

### (Privileges)

Defendant is entitled to all privileges available to it to the extent allowed by the California Civil Code.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint and the purported causes of action alleged therein are barred by the applicable statutes of limitations, including but not limited to those set forth in California Code of Civil Procedure §§ 335.1, 337, and/or 338.

## SEVENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

Any acts or omissions to act by Defendant were not the proximate cause of any injury suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

If Plaintiff suffered any damages as a result of the facts alleged in Plaintiff's Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to Plaintiff's failure to make reasonable efforts to minimize the damages incurred.

## NINTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

If Plaintiff suffered any loss, damage, or detriment as a result of the facts alleged in the Complaint, which Defendant denies, such loss, damage, or detriment is limited to or barred by the existence of evidence acquired after Plaintiff's termination that bars or limits remedial relief to which Plaintiff may have been entitled in the absence of such after-acquired evidence.

/ / /

/ / /

/ / /

/ / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Business Necessity)

3    Defendant's activities, undertaken with respect to Plaintiff, were justified as such activities

4    were proper, fair, and legitimate business activities and/or due to business-related reasons which

5    were not arbitrary, capricious or unlawful.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7

### (Business Justification)

8    Defendant's activities, undertaken with respect to Plaintiff, were justified as such activities

9    were proper, fair, and legitimate business activities and/or due to business-related reasons which

10   were neither arbitrary, capricious, nor unlawful.

11

## TWELFTH AFFIRMATIVE DEFENSE

12

### (Payment of All Wages and Earnings)

13   Plaintiff has been paid and/or received all wages due to him by virtue of his employment.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

15

### (No Entitlement to Punitive Damages)

16   Plaintiff's Complaint, and each and every cause of action set forth therein alleged against

17   Defendant, fails to state facts sufficient to recover punitive or exemplary damages or to show that

18   Defendant was guilty of malice, oppression or fraud, as required by California Code of Civil

19   Procedure § 3294.

20

## FOURTEENTH AFFIRMATIVE DEFENSE

21

### (Punitive Damages Violates Due Process Clause)

22   Plaintiff's prayer for compensatory and punitive damages is unconstitutional because it

23   violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United

24   States and/or Section 7 of Article I of the Constitution of the State of California.

25

## FIFTEENTH AFFIRMATIVE DEFENSE

26

### (No Adverse Employment Action)

27   Defendant is informed and believes and thereon alleges that Plaintiff never suffered any

28   adverse employment action resulting from any conduct on the part of Defendant.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-3287-0325.1

4

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and thereon alleges that Plaintiff may be estopped by Plaintiff's own conduct and/or statements from asserting any and all claims Plaintiff may have or has against Defendant arising from the transactions and occurrences set forth in the Complaint. Defendant may learn facts in investigation, discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, or which constitute taking an wholly inconsistent position to a tribunal, which would allow Defendant to assert the equitable remedy of estoppel at the time of trial, or earlier.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Defendant asserts, without admitting to any of the allegations contained in Plaintiff's Complaint, that Plaintiff failed to utilize or exhaust, in good faith, Defendant's reasonable internal grievance procedures, thus failing to avoid the consequences of any alleged unlawful act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts)

Defendant alleges that Plaintiff's purported causes of action fail to state facts sufficient to constitute a cause of action because Plaintiff willfully breached his duties as an employee, neglected his duties, failed to perform his duties and/or failed to use ordinary care and diligence in the performance of his employment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Defendant's Good Faith Belief)

Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

/ / /

/ / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **TWENTIETH AFFIRMATIVE DEFENSE**

2    **(Consent)**

3    Defendant is informed and believes and thereon alleges that Plaintiff, at all relevant times,

4    gave his consent, express or implied, to the alleged acts, omissions and conduct described in the

5    Complaint.  Defendant may learn facts in written discovery and/or Plaintiff's deposition that may

6    demonstrate Plaintiff engaged in conduct that would establish consent to the conduct alleged in the

7    Complaint, which would allow Defendant to assert the defense of consent at the time of trial.

8    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

9    **(No Intentional or Reckless Act)**

10    Defendant did not intentionally or recklessly commit any tort.

11    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12    **(No Severe Emotional Distress)**

13    Plaintiff did not sustain severe emotional distress as a result of any act or omission

14    attributable to Defendant.

15    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16    **(Lack of Punitive Damages for Labor Code Violations)**

17    Plaintiff's claim for punitive damages fails because there is no claim for punitive damages

18    for Labor Code violations.

19    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

20    **(Good Faith Dispute)**

21    Plaintiff's claims for penalties under the California Labor Code and/or under other

22    applicable California law are barred as Plaintiff has failed to plead sufficient facts to support a

23    claim for an award of penalties against Defendant and because there existed and continues to exist

24    a good-faith dispute on whether Defendant owes any monies to Plaintiff.

25    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

26    **(Exemption from Overtime Requirements)**

27    Plaintiff's claims fail because Plaintiff was an exempt employee, and as such, was exempt

28    from earning of overtime.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-3287-0325.1

6

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Conduct of Others, Including Plaintiff)

Should it be found that Defendant is liable for any damages stated by Plaintiff, which Defendant specifically denies, Defendant alleges that such damages were proximately caused and/or contributed to by parties other than Defendant, including Plaintiff, whether served or not served in this case, and/or by other persons or entities not presently parties to this action. It is necessary that the proportionate degree of fault and/or legal responsibility of each and every person or entity be determined and prorated and that any judgment that may be rendered against Defendant be reduced not only by the degree of fault or other legal responsibility attributable to Plaintiff, but by the total of that degree of fault and/or other legal responsibility found to exist as to other person(s) and/or entities as well.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Acts)

The Complaint and the causes of action therein are barred by the independent, superseding acts of other parties, events or entities.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate and Lawful Actions)

Plaintiff is barred from any recovery in this action because all of Defendant's actions toward Plaintiff were taken for legitimate, lawful reasons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Non-Existent Obligation)

The complaint and the causes of action therein include obligations which are non-existent, not contracted for, and outside of the agreement of the parties, thus barring or diminishing Plaintiff's recovery against Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Performance Satisfied, Excused or Discharged)

All of Defendant's obligations arising under the contract, if any, were duly satisfied or Defendant has been excused from performing any contractual duties alleged by Plaintiff by reason



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-3287-0325.1

7

ANSWER TO PLAINTIFF'S COMPLAINT

1  of failure of consideration, waiver, breach of condition precedent, impossibility or impracticability

2  of performance, prevention by Plaintiff, frustration of purpose or because such performance was

3  discharged.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Full or Partial Performance)**

6        Any duties owed by Defendant to Plaintiff have been extinguished by Defendant's full or

7  partial performance.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure of Condition Precedent)**

10        Defendant's obligation under the contract, if any, has been excused by reason of Plaintiff's

11  failure to perform a condition which was precedent to Defendant's obligation to perform under the

12  contract.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Offset)**

15        In any event and purely for the purposes of alleging this defense, any purported damages

16  allegedly caused by Defendant are subject to a set off either partially or in the full amount of the

17  purported damages.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

20        Plaintiff cannot prove any facts showing that the conduct of Defendant was the proximate

21  or legal cause of any injuries or damages as alleged in the Complaint.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Recovery for Attorney Fees)**

24        The Complaint fails to properly state a claim for attorney's fees under California Code of

25  Civil Procedure section 1021.5, California Labor Code section 218.5, or any other basis.

26  / / /

27  / / /

28  / / /



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

Defendant is informed and believes and thereon alleges that Plaintiff is barred from seeking any damages for purported physical, mental, or emotional injuries allegedly suffered as a result of Plaintiff's employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act, California Labor Code §§ 3200-4627.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

Defendant is not vicariously liable for any act or omission of any other person, whether by way of respondeat superior, agency, or otherwise.  If any wrongful activity occurred, or if Plaintiff suffered any injuries or damages, other parties or persons over whom Defendant had no control caused such injuries or damages, and any such parties or persons acted outside the scope of their agency relationship with Defendant.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Defendant maintains that Plaintiff's Complaint is barred, in whole or in part, because Defendant's conduct was privileged as an exercise of its legal right to terminate an at-will employee.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts)

Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

## FORTIETH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Obligations)

The Complaint is barred in its entirety by the fact that Plaintiff has not satisfied general statutory obligations imposed on employees under Labor Code sections 2850-2866 to, e.g., use ordinary care and diligence in following their employers' directives.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and an award of the judgment sought by Plaintiff would unjustly enrich the plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Quantum Meruit)

Plaintiff is only entitled to receive payment for the services actually provided for because Plaintiff failed to completely provide the services agreed upon, and is only entitled to receive payment for the portion of the services provided.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain, and speculative to permit recovery.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Public Policy)

Plaintiff's purported cause of action for wrongful termination in violation of public policy fails to state facts sufficient to constitute a cause of action because no violation of pertinent public policy occurred.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

Defendant alleges that it may have other separate and/or additional defenses of which it is are not aware, and hereby reserves the right to assert them by amending this Answer as discovery continues.

WHEREFORE, this answering Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by reason of the Complaint on file herein;

2.    That this Court dismisses Plaintiff's Complaint with prejudice as against Defendant;

3.    For costs of suit herein;



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    4.    That Defendant be awarded judgment in this action;

2    5.    That Defendant be awarded its attorneys' fees incurred by this action as allowed by

3  statute; and,

4    6.    For such other and further relief as the Court deems just and proper.

5

6  DATED: February 26, 2020                    LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8                                          By: _____

9                                               Joseph R. Lordan
                                                 Jonathan D. Martin
10                                              Attorneys for Defendant ZOOMDATA, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**CALIFORNIA STATE COURT PROOF OF SERVICE**

*Fox, Dean v. Zoomdata, Inc.*

San Mateo Superior Court, Case No. 19CIV07099

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

On February 26, 2020, I served the following document(s): **ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Michael A. Aparicio                           *Attorneys for Plaintiff DEAN FOX*
APARICIO LAW FIRM
201 Spear Street, Suite 1100                  Telephone: 415.429.0810
San Francisco, CA 94105                       Facsimile:
                                              E-mail: mike@apariciolawfirm.com

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 26, 2020, at San Francisco, California.

Berenice Barragan

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 206300 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Michael A. Aparicio | | |
| FIRM NAME: APARICIO LAW FIRM | | |
| STREET ADDRESS: 201 Spear Street, Suite 1100 | | |
| CITY: San Francisco      STATE: CA   ZIP CODE: 94105 | | |
| TELEPHONE NO.: 415.429.0810    FAX NO.: 415.429.0810 | | |
| E-MAIL ADDRESS: mike@apariciolawfirm.com | | |
| ATTORNEY FOR (Name): Plaintiff Dean Fox | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
 STREET ADDRESS: 400 County Center
 MAILING ADDRESS:
 CITY AND ZIP CODE: Redwood City, CA 94063
 BRANCH NAME:

Plaintiff/Petitioner: Dean Fox

Defendant/Respondent: Zoomdata, Inc., a California Corporation, and DOES 1-25

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT.—CIVIL | CASE NUMBER: 19CIV07099 |
|---|---|

TO (insert name of party being served): Zoomdata, Inc.,

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 01/28/2020

Michael A. Aparicio
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify):
      Civil Cover Sheet;  Notice of Case Management Conference; Blank Case Management Conference Statement;  San Mateo Superior Court Local Rule 2.3

(To be completed by recipient):

Date this form is signed: 1/29/2020

KING & SPALDING LLP

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS IS SIGNED)                             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

ATTORNEYS FOR DEF.

Page 1 of 1

| Form Adopted for Mandatory Use | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, |
|---|---|---|
| Judicial Council of California | | §§ 415.30, 417.10 |
| POS-015 [Rev. January 1, 2005] | | www.courtinfo.ca.gov |

**CERTIFICATE OF SERVICE**
***Fox v. Zoomdata, Inc., et al.***
USDC-ND, _____, Division, Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 27, 2020, I served the following document:

**DEFENDANT ZOOMDATA, INC. 'S NOTICE TO FEDERAL COURT OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

I served the document on the following person at the following address (including a fax number and email address, if applicable):

| | |
|---|---|
| Michael A. Aparicio, Esq.<br>Aparicio Law Firm<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105 | Tel.: 415.429.0810<br>Email: mike@apariciolawfirm.com |

The document was served by the following means:

☒ **(BY CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system.

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the person at the address listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 27, 2020        */s/ B. Yasinah Johnson*
_____
B. Yasinah Johnson

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**CERTIFICATE OF SERVICE**
*Fox v. Zoomdata, Inc., et al.*
USDC-ND, _____, Division, Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 27, 2020, I served the following document:

**DEFENDANT ZOOMDATA, INC.'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

I served the document on the following person at the following address (including a fax number and email address, if applicable):

| | |
|---|---|
| Michael A. Aparicio, Esq.<br>Aparicio Law Firm<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105 | Tel.: 415.429.0810<br>Email: mike@apariciolawfirm.com |

The document was served by the following means:

☒ **(BY CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system.

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the person at the address listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 27, 2020

*/s/ B. Yasinah Johnson*
B. Yasinah Johnson

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4826-1791-4293.1

CERTIFICATE OF SERVICE